MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MAXIMINO HERNANDEZ FLORES,
*individually and on behalf of others similarly situated,*

      *Plaintiff,*

   -against-

HERMANA MIRABAL INC. (d/b/a CHERRY VALLEY SUPERMARKET) and MARTIN A. ESPINAL
      *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Maximino Hernandez Flores ("Plaintiff Hernandez" or "Mr. Hernandez"), individually and on behalf of others similarly situated by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against each of Defendants Hermana Mirabal Inc. (d/b/a Cherry Valley Supermarket) ("Defendant Corporation") and Martin A. Espinal (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

   1.  Plaintiff Hernandez is a former employee of Defendant Hermana Mirabal Inc. (d/b/a Cherry Valley Supermarket) and Martin A. Espinal.

   2.  Cherry Valley Supermarket is a grocery store located at 1968 2nd Ave, New York, NY 10029.

3. Upon information and belief, individual Defendant Martin A. Espinal serves or served as owner, manager, principal or agent of Defendant Corporation, and through this corporate entity operates or operated the grocery store.

4. Plaintiff Hernandez was employed as a delivery worker, however, he was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to various grocery duties such as, sweeping and mopping, cleaning the canisters, taking out the garbage, and deconstructing boxes (hereafter the "non-tipped, non-delivery duties").

5. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work without providing them the appropriate minimum wage and overtime required by federal and state law and regulations.

6. Defendants employed and accounted for Plaintiff Hernandez as a delivery worker but in actuality his duties required a significant amount of time spent performing the non-tipped non-delivery functions described above.

7. Regardless, at all times Defendants paid Plaintiff Hernandez at a rate that was below the minimum wage rate.

8. Furthermore, under state law, Defendants were not entitled to take a tip credit because Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

9. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Hernandez's actual duties in payroll records to avoid paying him at the minimum wage rate and to enable them to pay him at a rate that was below the minimum wage rate by designating him as a delivery worker instead of a non-tipped employee.

10. Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Mr. Hernandez to work without providing the minimum wage and overtime required by federal and state law and regulations.

12. Plaintiff Hernandez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff Hernandez seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff' Hernandez state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a grocery store which is located in this district. Further, Plaintiff Hernandez was employed by Defendants in this district.

## **THE PARTIES**

*Plaintiff*

16.  Plaintiff Maximino Hernandez Flores ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Bronx County, New York. Plaintiff Hernandez was employed by Defendants from approximately October 2007 until on or about October 1, 2016.

17.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Hernandez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.  At all relevant times, Defendants owned, operated, and/or controlled a grocery store located at 1968 2nd Ave, New York, NY 10029 under the name Cherry Valley Supermarket.

19.  Upon information and belief, Defendant Hermana Mirabal Inc. (d/b/a Cherry Valley Supermarket) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1968 2nd Ave, New York, NY 10029.

20.  Defendant Martin A. Espinal is an individual engaging in business in this judicial district during the relevant time period.  Defendant Martin A. Espinal is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21.   Defendant Martin A. Espinal possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. Defendant Martin A. Espinal determined the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants own, operate a grocery store located at 1968 2nd Ave, New York, NY 10029.

24. Individual Defendant, Martin A. Espinal possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

26. Defendants employed Plaintiff Hernandez, and all similarly situated individuals, and are Plaintiff Hernandez's (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27. Upon information and belief, Individual Defendant Martin A. Espinal operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself, by among other things,

    a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    b. defectively forming or maintaining Defendant Corporation by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating Defendant Corporation for his own benefit as the sole or majority shareholder;

    e. operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    f. intermingling assets and debts of his own with Defendant Corporation;

    g. diminishing and/or transferring assets to avoid full liability as necessary to protect his own interests; and

    h. Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and New York Labor Law.

29. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

30. In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that were used in the grocery store on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Hernandez is a former employee of defendants employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

33. Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maximino Hernandez Flores*

34. Plaintiff Hernandez was employed by defendants from approximately October 2007 until on or about October 1, 2016.

35. Defendants ostensibly employed Plaintiff Hernandez as a delivery worker. However, Plaintiff Hernandez also was required to spend a significant portion of his work day performing the non-delivery non-tip duties described above.

36. Although Plaintiff Hernandez ostensibly was employed as a delivery worker, he spent over 20 percent of his daily hours performing non-delivery work.

37. Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

39. From approximately January 2011 until on or about October 1, 2016, Plaintiff Hernandez worked six days per week, for an average of approximately 37 hours per week. However, during some weeks, Plaintiff Hernandez worked over 40 hours per week.

40. Throughout his employment with Defendants, Plaintiff Hernandez was paid his wages in cash.

41. From approximately January 2011 until on or about February 15, 2014, defendants paid Plaintiff Hernandez $5.65 per hour for his regular hours and $8.48 per hour for his overtime hours.

42. From approximately February 15, 2014 until on or about January 1, 2016, defendants paid Plaintiff Hernandez $6.15 per hour for his regular hours and $9.23 per hour for his overtime hours.

43. From approximately January 1, 2016 until on or about October 1, 2016, defendants paid Plaintiff Hernandez $6.80 per hour for his regular hours and $10.20 per hour for his overtime hours.

44. Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

45. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

46. In fact, even though Plaintiff Hernandez only earned $10 in tips every day, defendants falsely misrepresented that he had earned over $100 in tips every week in his pay statements.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Hernandez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. Defendants regularly required Plaintiff Hernandez to work without paying him the proper minimum wage and overtime.

51. Defendants maintained a policy and practice of requiring Plaintiff Hernandez and all similarly situated employees to work without paying them appropriate minimum wage and overtime as required by federal and state laws.

52. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Hernandez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

53. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

54. At no time did Defendants inform Plaintiff Hernandez that they had reduced his hourly wage by a tip allowance.

55. Defendants required Plaintiff Hernandez to perform the jobs of multiple employees in addition to his primary responsibilities as a delivery worker. These responsibilities included the non-delivery, non-tip duties described above.

56. Plaintiff Hernandez was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent in the non-tipped functions described above.

57. Plaintiff Hernandez was paid at a rate that was below the minimum wage by Defendants; however, under state law Defendants were not entitled to a tip credit because

Plaintiff' Hernandez non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

58. New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

59. Plaintiff Hernandez's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated occupations with duties including the non-delivery, non-tip duties described above.

60. In violation of federal and state law as codified above, Defendants classified Plaintiff Hernandez as a tipped employee and paid him at a rate that was below the minimum wage rate when he should have classified him as a non-tipped employee and paid him at the minimum wage rate. Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Defendants failed to provide Plaintiff Hernandez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Hernandez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Hernandez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

64. At all relevant times, Plaintiff Hernandez, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage.

65. The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

66. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants failed to pay Plaintiff Hernandez at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants' failure to pay Plaintiff Hernandez at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Hernandez was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

73.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Hernandez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Hernandez   overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

78.     Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

80.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to

hire and fire Plaintiff Hernandez, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

82. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Hernandez less than the minimum wage.

83. Defendants' failure to pay Plaintiff Hernandez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Hernandez was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

85. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Hernandez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

87. Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Hernandez was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

89. Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

92. Plaintiff Hernandez repeats and realleges all paragraphs above as though set forth fully herein.

93. Defendants did not provide Plaintiff Hernandez with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hernandez respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consent to be a Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Hernandez (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez (including the prospective collective class members);

(d)     Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Hernandez (including the prospective collective class members);

(f)     Awarding Plaintiff Hernandez (including the prospective collective class members) damages for the amount of unpaid minimum and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Hernandez (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(i)     Declaring that Defendants violated the overtime provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(j)     Declaring that defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Hernandez's compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Awarding Plaintiff Hernandez damages for the amount of unpaid minimum wage, overtime, and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(l)     Awarding Plaintiff Hernandez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Hernandez (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Hernandez (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury

Dated:  New York, New York
        January 30, 2017

```
```
MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
      Michael Faillace [MF-8436]

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone:   (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 20, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Maximino Hernandez Flores

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      *MAXIMINO Flores*

Date / Fecha:                           20 de enero de 2017